UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL RAVICHER,<br><br>                          Plaintiff,<br>  v.<br><br>CARL C. ICAHN,<br><br>                        Defendant. | CASE NO. 1:13-cv-01666-LLS<br><br><br><br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT CARL C. ICAHN**

Daniel B. Ravicher
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd, Ste 600
Coral Gables, Florida 33134
Tel: (786) 505-1205
Fax: (212) 591-6038
Email: dan@ravicher.com

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................................i

TABLE OF AUTHORITIES..........................................................................................................ii

I.   PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE CLAIM FOR AIDING AND ABETTING THE HERBALIFE FRAUD...........................................1

    A.   Plaintiff Need Not Have A Claim Against Herbalife...............................................2

    B.   Icahn Need Not Have Actual Knowledge That Herbalife Has Been Adjudged A Fraud, But He Has Such Knowledge Regardless......................................................4

    C.   The Herbalife Fraud Has Been Substantially Assisted By Icahn's Aiding And Abetting.....................................................................................................................5

II.   A PRELIMINARY INJUNCTION IS APPROPRIATE......................................................6

CONCLUSION................................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*Barturen v. Wild Edibles, Inc.*,
    2007 U.S. Dist. LEXIS 93025 (S.D.N.Y. 2007)..................................................................6

*Cromer Fin. Ltd. v. Berger*,
    137 F. Supp. 2D 452 (S.D.N.Y. 2001)............................................................................5

*Herbalife v. Ford*,
    No. CV 07-02529, slip op. (C.D. Cal. Aug. 25, 2009)......................................................2

*In re Optimal U.S. Litigation*,
    837 F.Supp.2d 244 (S.D.N.Y. 2011)..........................................................................2, 3

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (U.S. 1992)...............................................................................................3

*McDaniel v. Bear Stearns*,
    196 F.Supp.2d 343 (S.D.N.Y.2002).............................................................................2, 3

*Test-Aankoop v. Herbalife International Belgium [Comm. Ct. Brussels]*,
    Nov. 23, 2011, AR 2004/7787, No. JC-DC/27 (Belgium)..................................................2

*Rosner v. Bank of China*,
    2008 U.S. Dist. LEXIS 105984 (S.D.N.Y. Dec. 18, 2008)..................................................5

*Telerate Systems, Inc. v. Caro*,
    689 F. Supp. 221 (S.D.N.Y. 1988).................................................................................7

*Wight v. BankAmerica Corp.*,
    219 F.3d 79 (2d Cir. 2000)............................................................................................3

Icahn does not dispute having a vendetta against Ackman, or beginning his purchase of Herbalife shares the very day he learned Ackman had a substantial short position in the company, or pumping Herbalife to the media, or intending to assist in privatizing Herbalife to cause "the mother of all short squeezes." Icahn's failure to refute these facts discredits any argument that his investment in Herbalife is a rational decision driven by economic prudence. Rather, it plainly shows his intent is to exact revenge on Ackman.

In opposing Plaintiff's motion for a preliminary injunction to maintain the status quo by preventing Icahn from assisting in a privatization of Herbalife during this suit, Icahn makes a scattershot of arguments, none of which are availing. For example, Icahn argues one can not bring a claim for aiding and abetting of a fraud without also proving a claim against the underlying fraud, but this is not the law. Icahn also argues Herbalife can not be considered a fraud unless and until it is found to be a fraud. This is not only not the law, it ignores the fact that Herbalife has indeed already been adjudged a fraud by the Central District of California and a Belgian court. Icahn's other arguments are similarly weak, as discussed below.

After reviewing the matter, Plaintiff believes the Court will agree that a preliminary injunction preventing Icahn from assisting in a privatization of Herbalife is appropriate.

I. **PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE CLAIM FOR AIDING AND ABETTING THE HERBALIFE FRAUD**

As discussed at length in Plaintiff's opening brief on the motion, and only summarized here for brevity, a claim for aiding and abetting fraud requires plaintiff to show (i) the existence of a fraud, (ii) defendant's knowledge of the fraud, and (iii) that the defendant provided

substantial assistance to advance the fraud's commission. Pl. Br. at 15. Plaintiff has a likelihood of success on his claim against Icahn for aiding and abetting the Herbalife fraud because (i) Herbalife is a fraud, (ii) Icahn has actual knowledge of both Herbalife's business practices and legal adjudications that they constitute a fraud, and (iii) Icahn has buttressed Herbalife's reputation, a critical component to maintaining a successful fraud, through media appearances and purchases of stock.

### A.     Plaintiff Need Not Have A Claim Against Herbalife

In discussing Herbalife, Icahn fails to offer any evidence that Herbalife's business model is any different than it was when the Central District of California issued its *Ford* opinion finding that Herbalife satisfies the definition of a pyramid scheme. *Herbalife v. Ford*, Memorandum & Order Regarding Cross-Motions for Summary Judgment, No. CV 07-02529, slip op. at 16 (C.D. Cal. Aug. 25, 2009). Icahn also conspicuously fails to even mention the *Test-Aankoop* ruling by a Belgium court that Herbalife is a fraud. *Test-Aankoop v. Herbalife International Belgium* [Comm. Ct. Brussels], Nov. 23, 2011, AR 2004/7787, No. JC-DC/27 (Belgium). Thus, Icahn does not dispute the existence of two separate legal adjudications that Herbalife is a fraud.

Indeed, Icahn practically admits Herbalife is a fraud by citing *In re Optimal U.S. Litigation* for the proposition that "plaintiff does not and cannot allege that Herbalife, his designated primary tortfeasor, has injured him." Icahn Br. at 12 (*citing* 837 F.Supp.2d 244, 253 (S.D.N.Y. 2011)). However, on this issue *In re Optimal* relies on *McDaniel v. Bear Stearns*, stating, "with respect to aiding and abetting fraud claim, '[p]roximate cause exists where

defendant's actions were a substantial factor in the sequence of responsible causation, and plaintiff's injury was reasonably foreseeable or anticipated as a natural consequence.'" *Id*. n.50 (*citing* 196 F.Supp.2d 343, 359 (S.D.N.Y.2002)).

Neither *In re Optimal* nor *McDaniel* require Plaintiff be injured by the Herbalife fraud in order to have an aiding and abetting claim against Icahn. They merely stand for the proposition that one can be injured by an aider and abetter through the injury caused to them by the underlying fraud. Such injury is sufficient, but not necessary, for an aiding and abetting fraud claim. Here, Plaintiff does not claim to be injured by Herbalife, and thus by Icahn's aiding and abetting, as was the case in *In re Optimal* and *McDaniel*. Instead, Plaintiff here claims to be directly injured by Icahn's aiding and abetting. Thus, those cases are irrelevant on this point.

In support of his argument on this point, Icahn cites *Lujan v. Defenders of Wildlife*. Icahn Br. at 12 (*citing* 504 U.S. 555, 560-561 (U.S. 1992)), But the elements of standing set forth in *Lujan*, (injury, causation and redressability) are satisfied here because, as discussed in Plaintiff's opening brief on the motion, Plaintiff has suffered and is continuing to suffer injury, those injuries are a result of Icahn's actions, and the Court can provide relief (both legal and equitable) for those injuries. Thus, Plaintiff need not have a claim against Herbalife, or prove that his injuries are caused by Herbalife, in order to state a claim against Icahn. Indeed, Plaintiff is aware of no case that requires a claimant for aiding and abetting a fraud also prove a claim against the underlying fraud. *See*, *e.g.*, *Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000).

All Plaintiff must show here to make a claim for aiding and abetting a fraud is that

Herbalife is a fraud, which Plaintiff has done through the citation of other court opinions reaching that conclusion. Plaintiff believes the Court can adopt those findings as satisfaction of the first prong of Plaintiff's aiding and abetting claim. However, if the Court would like to instead independently review Herbalife's business practices to determine if they constitute a fraud, Plaintiff would request a reasonable, but short, period of discovery for that purpose.

### B.    Icahn Need Not Have Actual Knowledge That Herbalife Has Been Adjudged A Fraud, But He Has Such Knowledge Regardless

On the second prong of an aiding and abetting fraud claim, Plaintiff agrees with Icahn that actual, not constructive, knowledge of the fraud is required. Icahn Br. at 13. But Plaintiff disagrees that merely having a different legal opinion on whether Herbalife is a fraud suffices to negate Icahn's actual knowledge of the Herbalife fraud, because it is actual knowledge of the actions that constitute fraud that matter, not actual knowledge of a legal adjudication that those actions constitute a fraud. Otherwise, no claim for aiding and abetting fraud could ever stand prior to legal adjudication that the underlying fraud is indeed a fraud, because any aider and abetter could just profess having a different legal opinion on whether the actions were fraudulent.

While it is true that simply ignoring "red flags" is insufficient, as Icahn argues (Icahn Br. at 14), this is not a case of Icahn merely looking the other way and ignoring "red flags" that indicate Herbalife is a fraud. Icahn has stated he did "a hell of a lot of research" on Herbalife, including speaking to a former FTC attorney on the issue of whether Herbalife is an illegal pyramid scheme. Pl. Br. at 9, 18-19. Icahn has purposefully investigated Herbalife's business and activities and has even appointed two members to its Board of Directors. To deny Icahn has

actual knowledge of Herbalife's fraudulent activities is untenable.

Further, here there are indeed legal adjudications that Herbalife is a fraud, both from a federal court in California and a Belgian court. Icahn has noticeably failed to introduce any legal opinion to counter these decisions and defend his "legal opinion" that Herbalife is not a fraud. He has not even identified the supposed "former FTC attorney" with whom he spoke. Thus, Plaintiff has shown that Icahn has actual knowledge of not only Herbalife's business practices that constitute a fraud, but also specific legal adjudications that Herbalife is a fraud. This more than satisfies the second prong of Plaintiff's aiding and abetting a fraud claim against Icahn.

    **C.**    **The Herbalife Fraud Has Been Substantially Assisted By Icahn's Aiding And Abetting**

Plaintiff's opening brief fully explains how Icahn has provided substantial assistance to the Herbalife fraud. Pl. Br. at 19-20. In response, Icahn again argues that Plaintiff can only bring a claim for aiding and abetting a fraud if Plaintiff suffers injuries caused by the underlying fraud. Icahn Br. at 15. However, no case cited by Icahn limits the aiding and abetting fraud cause of action so narrowly. Indeed, *Cromer* states, "aider and abettor liability requires the injury to be a direct or reasonably foreseeable result of the conduct," and *Rosner* states, "an alleged aider and abettor will be liable only where the plaintiff's injury is a direct or reasonably foreseeable result of the defendant's conduct." *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2D 452, 470 (S.D.N.Y. 2001); *Rosner v. Bank of China*, 2008 U.S. Dist. LEXIS 105984 (S.D.N.Y. Dec. 18, 2008), *13. Thus, applying *Rosner* to this case results in, "[Icahn] will be liable only where [Plaintiff's] injury is a direct or reasonably foreseeable result of [Icahn's] conduct." *Id*.

Here, as discussed in Plaintiff's opening brief (Pl. Br. at 21), the injury suffered by Plaintiff as a result of Icahn's aiding and abetting the Herbalife fraud (i.e., the negative impact on the value of Plaintiff's investment in a short position in Herbalife), is precisely the result Icahn intends. In his own words, Icahn wants to cause "the mother of all short squeezes." Thus, Plaintiff's injury is undoubtedly the "direct or reasonably foreseeable result" of Icahn's conduct.

## II.   A PRELIMINARY INJUNCTION IS APPROPRIATE

One of the most important functions of a preliminary injunction is to maintain the status quo, and that is all Plaintiff seeks here. *Barturen v. Wild Edibles, Inc.*, 2007 U.S. Dist. LEXIS 93025, *15 (S.D.N.Y. 2007) ("it is the function of the preliminary injunction to preserve the status quo until whatever discovery is necessary has been accomplished and trial can be held"). Plaintiff does not seek a preliminary injunction barring Icahn from purchasing more shares in Herbalife, or from continuing to be involved with its operations, or from speaking out publicly in favor of the company. While some or all of those acts may later be the basis for liability in this action, Plaintiff only seeks a preliminary injunction to prevent Icahn from assisting in a transaction to remove Herbalife shares from the public market, because that action would cause Plaintiff irreparable harm.

Icahn noticeably makes no argument as to why such a narrow preliminary injunction would be harmful or of any hardship to him. Instead, Icahn argues that the privatization of Herbalife would not cause Plaintiff any irreparable injury. Icahn Br. 17-19. While it is true that Icahn's assisting a privatization of Herbalife would indeed cause Plaintiff economic harm in the

form of a diminution, or evisceration, of the value of Plaintiff's investment in a short position in Herbalife, it would also interfere with Plaintiff's property rights and negatively reflect on Plaintiff's reputation.[1] These additional harms are irreparable, as discussed in Plaintiff's opening brief on the motion. Pl. Br. at 13-15.

Further, Plaintiff's investment is via contracts with third parties. To wit, Plaintiff is currently party to 70 contracts, each of which gives him the right to sell 100 shares of Herbalife stock at a certain price. As set forth in Plaintiff's opening brief on the motion, Plaintiff is party to 50 such contracts with an expiration date of November 2013. As set forth in the accompanying declaration, Plaintiff has since acquired 20 additional put option contracts with an expiration date of January 2015. D. Ravicher II ¶¶ 2-3. A privatization of Herbalife assisted by Icahn would interfere with Plaintiff's contracts as a result of Icahn's tortious aiding and abetting the Herbalife fraud. Thus, the Court can take guidance from the fact that, "a preliminary injunction is a proper remedy in cases alleging a tortious interference with contract." *Telerate Systems, Inc. v. Caro*, 689 F. Supp. 221, 233 (S.D.N.Y. 1988).

---

1 Icahn briefly argues that Plaintiff's investment in a short position in Herbalife is not a "property right." Icahn Br. at 18 (calling the argument a "false premise"). However, Icahn cites no precedent for the proposition that investments are not property and indeed the argument seems facially preposterous.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the motion for preliminary injunction against Icahn be granted.

Dated: September 9, 2013  
New York, New York

Respectfully Submitted,

 /s/ Daniel B. Ravicher  
Daniel B. Ravicher  
RAVICHER LAW FIRM  
1375 Broadway, Suite 600  
New York, NY 10018  
Tel: (646) 470-2641  
Fax: (212) 591-6038  
dan@ravicher.com