**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL RAVICHER,<br><br>Plaintiff,<br><br>v.<br><br>CARL C. ICAHN,<br><br>Defendant. | Case No 1:13-cv-1666-LLS<br><br>ECF CASE |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CARL C. ICAHN'S MOTION TO DISMISS THE COMPLAINT

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………………………..iii

PRELIMINARY STATEMENT…………………………………………………………….1

ARGUMENT............................................................................................................................ 2

I. PLAINTIFF INDISPUTABLY DOES NOT, AND CANNOT, EVEN ALLEGE THAT HE WAS THE VICTIM OF ANY FRAUD……………………………….............2

II. PLAINTIFF HAS WOEFULLY FAILED TO SUFFICIENTLY ALLEGE THE OTHER ELEMENTS OF A CLAIM FOR AIDING AND ABETTING FRAUD…….…6

CONCLUSION………………………………………………………………………………8

## TABLE OF AUTHORITIES

CASES

*Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452 (S.D.N.Y. 2001) . ........................................... 7

*Dieck v. Suffolk Cnty. Vanderbilt Museum,*
No. 09-CV-2263, 2011 WL 4434066 (E.D.N.Y. Sept. 22, 2011) . ............................................... 5

*FLIR Sys. v. Sierra Media, Inc.,* 903 F. Supp. 2d 1120 (D. Or. 2012) . ........................................ 5

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*,
479 F. Supp. 2d 349 (S.D.N.Y. 2007) . ......................................................................................... 6

*Herbalife Int'l of Am., Inc. v. Ford,* No. CV07-02529 (C.D. Cal. 2009) . ................................ 3, 4

*In re Optimal U.S. Litigation,* 837 F. Supp. 2d 244 (S.D.N.Y. 2011)...................................... 2, 3

*Joe N. Pratt Ins. v. Doane*,
No. CV-07-072009, WL 3157335 (S.D. Tex. Sept. 25, 2009) . .................................................... 5

*McDaniel v. Bear Stearns,* 196 F. Supp. 2d 343 (S.D.N.Y. 2002) . .............................................. 3

*Slater v. Susquehanna Cnty.,* 613 F. Supp. 2d 653 (M.D. Pa. 2009) ........................................... 5

*Stolow v. Greg Manning Auctions, Inc.,* 258 F. Supp. 2d 236 (S.D.N.Y. 2003) . ......................... 5

*Test-Aankoop v. Herbalife Int'l Belgium* [Comm. Ct. Brussels],
Nov. 23, 2011, AR 2004/7787, No. JC-DC/27 (Belgium) . .......................................................... 4

*Welch v. TD Ameritrade Holding Corp.,*
No. 07 Civ. 6904, 2009 WL 2356131
(S.D.N.Y. July 27, 2009) . ............................................................................................................. 3

*Woods v. City of Utica*, 902 F. Supp. 2d 273 (N.D.N.Y 2012) . .................................................. 4

Defendant Carl C. Icahn submits this Reply Memorandum of Law in further support of his August 19, 2013 Motion to Dismiss the Complaint ("Complaint") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In his memorandum of law in opposition to defendant's dismissal motion ("Pl. Opp. Mem."), plaintiff argues that he is not required to prove "a claim against the underlying fraud" and need only show for an aiding and abetting fraud claim "the existence of an underlying fraud, not that he was injured by it, reasonably relied on it, or otherwise could prove a claim against it." (Pl. Opp. Mem., p. 1). But no one is asking him to prove anything at this point, but instead to merely meet the basic pleading standards required under Rule 9(b), which he cannot possibly do and thus completely ignores. Moreover, the notion that plaintiff can claim damages for aiding and abetting a fraud which he effectively concedes did not defraud or injure ***him*** in any way, is not only a startling *non-sequitur*, but one that he (not surprisingly) fails to support with citation to a single case from any court.

Consistent with that failure, plaintiff ignores what is implicit in every case of aiding and abetting fraud and, indeed, explicit in many: the requirement that a plaintiff have an underlying actionable claim for fraud in order to have a cognizable cause of action for aiding and abetting against a third party. Simply put, plaintiff has no such cognizable claim against Herbalife, which he does not, and cannot, deny. Indeed, not only was plaintiff not victimized by Herbalife's alleged fraud, but to the contrary, he trumpets his claimed perspicacity in revealing the purported fraud to the public and investing short in Herbalife securities (in the apparent hope that the market will agree with him and the price of Herbalife stock will plummet). In short, plaintiff does not, and cannot, deny that no one has defrauded him. Without the required foundation, the entire edifice of his Complaint collapses.

As also explained in our opening memorandum, plaintiff has also failed to allege any of the other requirements of an "aiding and abetting" claim – that is, he has failed to allege the underlying fraud with specificity; failed to allege that he relied on any alleged conduct of either Herbalife or Mr. Icahn; failed to allege facts that support the allegation that Mr. Icahn had any knowledge of the alleged fraud; and failed to allege facts that support a claim that Mr. Icahn substantially assisted any alleged fraud. But instead of responding to the arguments and relevant case authority we cited, plaintiff simply sticks to his argument that dictum in an unreported California case, and a foreign (Belgian) court decision, somehow cures his Complaint's grossly inadequate factual allegations. Indeed, plaintiff implicitly recognizes that his Complaint is fatally flawed by asking this Court to take "judicial notice" of those cases to "satisfy the required pleading of the first element of Plaintiff's aiding and abetting claim" (that is, the alleged fraud by Herbalife) (Pl. Opp. Mem., pp. 4-5) – as if inapplicable court decisions, which have nothing to do with plaintiff (or defendant), constitute a sufficient proxy for alleging fraud with particularity.

At bottom, plaintiff's Complaint should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFF INDISPUTABLY DOES NOT, AND CANNOT, EVEN ALLEGE THAT HE WAS THE VICTIM OF ANY FRAUD.

Plaintiff concedes that he was not victimized by any alleged fraud of Herbalife. Indeed, he cavalierly claims that "Herbalife is a fraud," yet does not bother to allege on whom Herbalife is a fraud or to even allege any facts that could possibly demonstrate, if proven, that there is anything illegal about Herbalife's business operations, let alone that they constitute a fraud on him (or anyone else). (*See* Complaint; Pl. Opp. Mem.) Yet, plaintiff persists in arguing that somehow he nevertheless has a claim against Mr. Icahn for aiding and abetting a fraud. In doing so, he misreads *In re Optimal U.S. Litigation,* 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011), which is a case we cited in our opening memorandum, and a quote from a case cited in *Optimal*, styled

*McDaniel v. Bear Stearns,* 196 F. Supp. 2d 343, 359 (S.D.N.Y. 2002), that "proximate cause exists where defendant's actions were a substantial factor in the sequence of responsible causation . . . ."

But, unlike plaintiff Ravicher here, the plaintiffs in those two cases actually claimed to be the victim of a fraud by the primary wrongdoer. *See Optimal*, (investors/plaintiffs lost money stemming from fraudulent conduct of Bernard L. Madoff); 837 F. Supp. 2d at 247; *McDaniel*, 196 F. Supp. 2d at 346 (investors/plaintiffs lost money stemming from fraudulent conduct of broker-dealer A.R. Baron). And, worse still, plaintiff blatantly ignores the *Optimal* court's clear holding that a plaintiff must first demonstrate that there was an underlying fraud that was perpetrated against the plaintiff, stating that a plaintiff "***must*** allege that the aiding and abetting defendant proximately caused the harm ***on which the primary liability is predicated*** . . . ." *Optimal*, 837 F. Supp. 2d at 253 (emphasis supplied, citing *McDaniel*, F. Supp. 2d at 359). No such allegation appears anywhere in plaintiff's Complaint for the obvious reason, as noted above, that plaintiff effectively concedes that he was not defrauded by Herbalife. *Cf. Welch v. TD Ameritrade Holding Corp.,* No. 07 Civ. 6904, 2009 WL 2356131, at *39 (S.D.N.Y. July 27, 2009**)** (**"**Thus, Plaintiffs have not stated a claim for a breach of fiduciary duty, and in the absence of sufficient allegations of a primary breach, the claim for aiding and abetting a breach of fiduciary duty must also fail.")[1]

Unable to claim fraud against Herbalife, plaintiff again resorts to repeating his Complaint's woefully-insufficient reliance on dictum appearing in an unreported case, *Herbalife*

---

1 In an apparent last-ditch effort to salvage his Complaint, plaintiff abandons his "aiding and abetting" claim altogether by arguing that he was "directly injured by Icahn's aiding and abetting," and therefore he need not show he was harmed by Herbalife. (Pl. Opp. Mem., p. 5). But, of course, it is axiomatic that one may not cure his complaint via an opposition brief. Moreover, that sort of argument is tantamount to a direct claim of fraud, which the Complaint has not alleged, nor could it allege, for several obvious reasons, including that, (a) Mr. Icahn made no misrepresentations to plaintiff, (b) plaintiff did not rely on anything Mr. Icahn said or did, (c) and plaintiff was not even injured by Mr. Icahn, as his only claimed injury, which has yet to occur, is that the market price of Herbalife may not decline to a level that will result in plaintiff being profiting from his short positions.

*Int'l of Am., Inc. v. Ford,* No. CV07-02529 (C.D. Cal. 2009), and a foreign decision from Belgium which his Complaint failed to even identify. As pointed out in our opening memorandum (at pp. 11-12), plaintiff's reliance on *Ford* is misplaced. Not only did the *Ford* court subsequently grant summary judgment for the plaintiff in that case – a critical fact Mr. Ravicher fails to disclose in his Complaint and opposition memorandum – but his allegations regarding that decision, and the Belgian decision, are unrelated to the critical issue of whether ***he*** was injured by Herbalife or even whether Herbalife's operations violate any American law, let alone constitute a fraud. Further, that Belgian case, *Test-Aankoop v. Herbalife Int'l Belgium* [Comm. Ct. Brussels], Nov. 23, 2011, AR 2004/7787, No. JC-DC/27 (Belgium), also fails to provide plaintiff any support for the additional reason that the Belgian court apparently ruled that a company such as Herbalife *could* be illegal under some Belgian statute or regulation, regardless of whether Herbalife has misled or injured anyone – in other words, regardless of whether the company actually engaged in any actionable fraud. [2]

Plaintiff's utter failure to allege fraud with particularity against Herbalife, including his failure to allege that he relied on anything Herbalife said or did, and his failure to allege any harm caused to him by Herbalife, are all fatal deficiencies which he indisputably cannot possibly cure by amending the Complaint. Plaintiff's additional failure to even cite any cases supporting his claim is no surprise, given the consistent holdings of various courts in various contexts that a plaintiff suing for "aiding and abetting" a wrongful act must be able to allege an actionable claim against the primary wrongdoer. *See e.g.*, *Woods v. City of Utica*, 902 F. Supp. 2d 273, 285 (N.D.N.Y. 2012) ("Indeed, individual defendants cannot be held liable for aiding and abetting a violation of the Human Rights Law where, as here, no violation of the Human Rights Law by

[2] For a more detailed discussion of the Belgian decision and why it is irrelevant and lends no support to plaintiff's claim, we respectfully refer the Court to page 3 of the October 18, 2013 reply memorandum of law submitted by the defendant banks in support of their motion to dismiss in *Ravicher v. Bank of America Corporation,* No. 13 Civ. 3908 (LLS), which action was also brought by plaintiff and is also before this Court.

another party has been established."); *Dieck v. Suffolk Cnty. Vanderbilt Museum,* No. 09-CV-2263, 2011 WL 4434066, at *6 (E.D.N.Y. Sept. 22, 2011) ("There is no aiding and abetting liability [under New York State Human Rights Law] absent a viable underlying claim." (citation omitted)); *Stolow v. Greg Manning Auctions, Inc.,* 258 F. Supp. 2d 236, 244 (S.D.N.Y. 2003) ("Although there is no substantive tort of conspiracy under New York law, a plaintiff may allege conspiracy to connect the actions of separate defendants [accused of bid rigging] with an otherwise actionable tort . . . If a conspiracy claim does not have an underlying actionable tort, it must be dismissed." (citations omitted)); *FLIR Sys. v. Sierra Media, Inc*., 903 F. Supp. 2d 1120, 1143 (D. Or. 2012) (regarding a trade libel claim under Oregon law, which is no different from the law of any other jurisdiction on the necessity of a primary violation, and noting that "'[n]either 'conspiracy' nor 'aid and assist' is a separate theory of recovery. Rather, conspiracy to commit or aiding and assisting in the commission of a tort are two of several ways in which a person may become jointly liable for another's tortious conduct . . . a defendant's liability under an aiding and abetting theory is dependent upon the commission of an underlying tort.'"(citation omitted)); *Joe N. Pratt Ins. v. Doane*, No. CV-07-072009, WL 3157335, at *3 (S.D. Tex. Sept. 25, 2009) ("Because the Court granted the [primary] Defendants' motion for summary judgment on the Computer Fraud and Abuse Act claim . . . no underlying claim exists which could provide a basis for finding the [other] Defendants liable on a theory of conspiracy or aiding and abetting."); *Slater v. Susquehanna Cnty.,* 613 F. Supp. 2d 653, 670 (M.D. Pa. 2009) (noting that a defendant "cannot be liable on an aiding and abetting theory where there is no underlying liability [regarding age and gender discrimination claims].")

The equation is straightforward. No actual claim against Herbalife equals no claim against an alleged "aider and abettor."

## II. PLAINTIFF HAS WOEFULLY FAILED TO SUFFICIENTLY ALLEGE THE OTHER ELEMENTS OF A CLAIM FOR AIDING AND ABETTING FRAUD.

As extensively explained in our opening memorandum (at pp. 13-15), plaintiff's Complaint woefully fails to sufficiently allege "actual knowledge" of, or "substantial assistance" to, the alleged Herbalife fraud by Mr. Icahn. Without reiterating the arguments we have already presented, a few additional comments are in order.

Ignoring his Complaint's exclusive (and wholly-inadequate) reliance on dictum in that unreported California case, and on the Belgium decision, as purported support for his allegation that Herbalife is a fraud, plaintiff now claims to be alleging that Mr. Icahn had actual knowledge of Herbalife's "actions that constitute fraud," while he says in the same breath that Mr. Icahn "does not deny being aware of" these decisions. (Pl. Opp. Mem. at pp. 6 & 7.) But, he (necessarily) fails to allege any facts in his Complaint (or even in his opposition) indicating that Mr. Icahn had any such knowledge, and Mr. Icahn (like any other defendant) is not required on a motion to dismiss to deny any particular allegations, no matter how false and/or absurd they are. Furthermore, as previously explained, those decisions are not in any way relevant to the issue of whether the Complaint sufficiently pleads the tort of fraud against Herbalife (and, therefore, a claim for aiding and abetting against Mr. Icahn). (Deft. Mem., pp. 6-7.) Moreover, plaintiff's claim that Mr. Icahn had actual knowledge of Herbalife's "actions that constitute fraud" disregards the pleading requirement of alleging that a defendant had actual knowledge of a fraud being committed ***against him, the plaintiff***. *See Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 360 (S.D.N.Y. 2007) ("In order to recover on a claim for aiding and abetting fraud, plaintiffs will be obliged to establish that the . . . Defendants committed a primary wrong – ***that is, that they defrauded plaintiffs***." (emphasis supplied)).

Here, of course, plaintiff concedes that he was not defrauded by Herbalife (or anyone else). But, in any event, whatever knowledge Mr. Icahn is presumed to have possessed regarding

Herbalife – and plaintiff, notably an critically, fails to allege at all, let alone with any particularity, what knowledge he is claiming Mr. Icahn possessed – is exactly the same knowledge possessed by plaintiff and any other investor in Herbalife, who has the same access to the public filings of Herbalife. Thus, what plaintiff is really claiming is that Mr. Icahn's opinions regarding the merits of Herbalife's business somehow equates with knowledge that Herbalife is a fraud. In fact, Mr. Icahn's opinions regarding the merits of Herbalife's business, and his investing actions, leads to the opposite conclusion, to wit, that Mr. Icahn is unaware of any fraud. Yet, by plaintiff's bizarre logic, Mr. Icahn chose to invest millions in a company that was fraudulent. Not only is plaintiff's Complaint devoid of any facts showing actual knowledge, that claim is contrary to simple common sense.

Similarly, plaintiff's claim of "substantial assistance" of the alleged Herbalife fraud depends entirely on his allegation that Mr. Icahn has "mis[led] the public into believing that [Herbalife] is not a fraud." (Pl. Opp. Mem., p. 7.) Of course, plaintiff does not allege, nor could he, how Mr. Icahn's opinions concerning Herbalife are any different from any other opinion – the same or different – including plaintiff's opinion and presumably the opinion of any other well-known investor such as the one plaintiff refers to (Mr. William Ackman).[3] Moreover, at its fundamental core plaintiff's opposition, like his Complaint, continues to fail to recognize that "substantial assistance" requires foreseeable injury, which is predicated on the underlying fraud, which, as we have explained, must be actionable by the plaintiff. Mr. Ravicher's argument that Mr. Icahn can be liable for his (now-expected) injury because it was supposedly a "reasonably foreseeable result" of Mr. Icahn's publicly expressed opinions omits from the required equation

---

[3] Apparently plaintiff believes that his allegation that Mr. Icahn has a vendetta against Mr. Ackman is another proxy for sufficiently alleging a cause of action for aiding and abetting. This allegation is not only scurrilous, but irrelevant, as Mr. Icahn's opinions about Mr. Ackman, whether they be about Mr. Ackman's investment acumen or anything else, have nothing to do with adequately pleading a claim for aiding and abetting fraud.

that he show that he was defrauded by the primary wrongdoer, which plaintiff concedes he was not. Furthermore, plaintiff compounds his disregard of the law's pleading requirements by omitting from his citation to *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y. 20011), the first and essential requirement for claiming substantial assistance, namely that a defendant "affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed." And notably absent from the Complaint, because it is impossible for plaintiff to allege, is a claim that anything Mr. Icahn said or did enabled the alleged fraud of Herbalife to proceed.[4]

In sum, there are simply no allegations that plaintiff could conceivably allege that would subject Mr. Icahn to liability to a short-selling investor who is worried that he bet wrong on the future price of (Herbalife) stock and is unwilling to accept the consequences of his investment. Plaintiff's Complaint should be dismissed.

## CONCLUSION

In view of the foregoing, defendant respectfully requests that this Court enter an order dismissing plaintiff's Complaint with prejudice.

Dated: October 28, 2013

By: /s/ Herbert Beigel

Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739
Tel: (520) 825-1995
Fax: (520) 844-6215

767 Fifth Avenue, #4700
New York, NY 10153
hbeigel@gmail.com

[4] All that plaintiff alleges by way of "substantial assistance" is that Mr. Icahn's opinions had some (temporary) effect on Herbalife's stock price (Pl. Opp. Mem., p. 8 (citing to Complaint, ¶¶ 23-24)). However, that is not an allegation that Mr. Icahn provided any assistance to the operations of Herbalife, which is the only thing that plaintiff tries to claim is fraudulent.

-and-

Robert R. Viducich
Law Office of Robert R. Viducich
110 Wall Street, 11th Floor
New York, NY 10005
212-709-8385
rviducich@rrvlaw.com

*Attorneys for Defendant*