**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**     **MEMO ENDORSED**

| | |
|---|---|
| DANIEL RAVICHER,<br><br>               Plaintiff,<br><br>v.<br><br>CARL C. ICAHN,<br><br>               Defendant. | ECF CASE<br><br>No. 1:13-cv-1666 (LLS)<br><br>**NOTICE OF MOTION TO DISMISS THE COMPLAINT BY CARL C. ICAHN**<br><br>Oral Argument Requested |

PLEASE TAKE NOTICE that, upon the accompanying Declaration of Herbert Beigel, dated August 19, 2013 (together with the exhibits attached thereto), and Memorandum of Law In Support of Defendant Carl C. Icahn's Motion to Dismiss the Complaint and in Opposition to Plaintiff's Motion for a Preliminary Injunction, and all prior pleadings and proceedings herein, Defendant Carl C. Icahn hereby moves this Court, before the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York, at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21C, New York, New York 10007, on a date and time to be set by the Court, for an order dismissing with prejudice the Complaint of Plaintiff Daniel Ravicher, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, and granting such other relief as this Court may deem just and proper.

Dated: Tucson, Arizona
       August 19, 2013

LAW OFFICES OF HERBERT BEIGEL

By: /s/ Herbert Beigel
     Herbert Beigel
38327 South Arroyo Way
Tucson, AZ 85739

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/14

1

Tel: (520) 825-1995
Fax: (520) 844-6215

767 Fifth Avenue, #4700
New York, NY 10153
hbeigel@gmail.com

-and-

Robert R. Viducich
Law Office of Robert R. Viducich
110 Wall Street, 11th Floor
New York, NY 10023
rviducich@rrvlaw.com

*Attorneys for Defendant Carl C. Icahn*

TO:   Daniel Ravicher
      RAVICHER LAW FIRM
      2000 Ponce De Leon Blvd., Suite 600
      Coral Gables, FL 33134
      Tel: (786) 505-1205
      Email: dan@ravicher.com



MEMORANDUM ENDORSEMENT

<u>Ravicher v. Icahn</u>
13 Civ. 1666 (LLS)

Defendant moves to dismiss this diversity action against Carl C. Icahn, which claims Icahn aided and abetted a fraud perpetrated by non-party Herbalife, LTD ("Herbalife"). The motion is made under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The complaint is dismissed because Icahn's actions (even if proved) are so remote from Ravicher's alleged injury as to demonstrate the implausibility of Ravicher's claim.

Ravicher bought put options in Herbalife stock, which allow him to sell it for $45 per share even if its market price falls below that before November 16, 2013 (as to 5,000 shares) and January 16, 2015 (as to 2,000 shares). <u>See</u> Second Declaration of Daniel B. Ravicher in Support of Plaintiff's Motion for Preliminary Injunction 1. Ravicher refers to these put options as a "short position," and contends that "But for defendant's conduct, Plaintiff's investment in a short position in HLF would be worth substantially more." <u>Compl.</u> ¶ 24. At present the options are worthless because Herbalife's stock price is reported over the past year as low as $30.84 and as high as $83.51, closing on January 16, 2014 at $71.63.

Ravicher claims that Icahn injured him by promoting and propping up the share price of Herbalife and preventing Herbalife from collapsing, as the natural result of it being (Ravicher claims) "a fraudulent pyramid scheme because it has a compensation program based primarily on . . . the recruitment of new participants, not on the retail sale of products or services." <u>Id.</u> ¶ 7.*

To prove that claim Ravicher must establish that: (1) Herbalife's method of compensating its salespeople which is "based on the suggested retail price of the amount ordered [from Herbalife], rather than based on actual sales to consumers" is so unrelated to product sales that it is uneconomic, unprofitable, and surely (2) will (although Herbalife has

---

* It seems to be the fact that it is the sales-participants who pay Herbalife for the product they re-sell to ultimate consumers that persuade some to view it as a Ponzi scheme.

- 1 -

recently flourished) cause the company to collapse and (3) amounts, although publicly known, to a fraud on Herbalife's shareholders, who have (4) been saved from its collapse by Icahn's public support and purchases of Herbalife's stock (rather than by a successful business, purchases by independent investors, and other market forces); and (5) that Ravicher's loss in value of his put options could not have been avoided by selling them earlier, or refraining from buying more of them.

Based on his opinion of the law that would be applied to Herbalife's compensation program, and on what he saw as its inevitable collapse as a business, Ravicher purchased the puts by which he might profit from its failure.

Before Ravicher bought the puts, Icahn owed him no duty to refrain from promoting Herbalife.

To sustain his claim Ravicher must argue that it was his purchase of the puts that imposed on Icahn a duty to Ravicher to refrain from assisting Herbalife in its business.  That is not only a counter-intuitive proposition, it violates a principle ("volenti non fit injuria") that one who knowingly and voluntarily risks danger cannot recover for the resulting injury.  Black's Law Dictionary describes that principle as "certainly of respectable antiquity," 1710 (9th ed. 2009):

> The idea underlying it has been traced back as far as Aristotle, and it was also recognised in the works of the classical Roman jurists, and in the Canon Law.  In English law, Bracton in his De Legibus Angliae (c.a. A.D. 1250-1258) uses the maxim, though not with the technicality that attached to it later, and in a Year Book case of 1305 it appears worded exactly as it is now.

Id. (quoting P.H. Winfield, A Textbook of the Law of Tort § 13, at 24 (5th ed. 1950)).

The complaint is inherently implausible, and it is dismissed.  As the Supreme Court stated in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009): "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."

The motion to dismiss (Dkt. No. 13) is granted.

- 3 -

So ordered.

Dated: New York, New York
       January 17, 2014

_____
Louis L. Stanton
U.S.D.J.